# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PASQUAIL BATES, *et al.*,

    Plaintiffs,

v.

DOLLAR LOAN CENTER, LLC, *et al.*,

    Defendants.

Case No. 2:13-CV-1731-KJD-CWH

**ORDER**

    Before the Court is Defendant Cash 1's ("Cash 1") Motion to Dismiss (#18). Plaintiff Sharon Pratt ("Pratt") opposed (#35) and Cash 1 replied (#41). The motion (#18) was joined by Defendants Check City Partnership, LLC; Clark County Collection Service, LLC; DLC Empire, LLC; Dollar Loan Center, LLC (#26). The motion (#18) was also joined by Tosh, Inc., (#27) and CCI Financial Inc., (#28). The reply (#41) was joined by Defendants Dollar Loan Center, LLC; DLC Empire, LLC; Clark County Collection Service, LLC; Check City Partnership, LLC; Tosh, Inc.,; and CCI Financial, Inc. (#50).

    Also before the Court is Cash 1's Motion for Summary Judgment (#20), which Pratt opposed (#35), to which Cash replied (#41). The motion (#20) was joined by Defendants Check City Partnership, LLC; Clark County Collection Service, LLC; DLC Empire, LLC; Dollar Loan Center, LLC (#26). The motion (#20) was also joined by Tosh, Inc., (#27) and CCI Financial, Inc., (#28).

The reply (#42) was joined by Defendants Dollar Loan Center, LLC; DLC Empire, LLC; Clark County Collection Service, LLC; Check City Partnership, LLC; Tosh, Inc.,; and CCI Financial, Inc. (#50).[1]

I. Background

This is a class action complaint. Defendants are "all involved in the business of high-interest, short-term loans (i.e. 'payday loans')." (#1; 2:24-25). Further, it is asserted that these businesses collect "references" from borrowers under false pretenses, ultimately using these contacts primarily in collection efforts. Id. at 14-15. Plaintiffs are those named as "references" and subsequently contacted in the collection process. Plaintiffs assert that Defendants have violated the Telephone Consumer Protection Act ("TCPA"). Id. at 2:19-23.

Plaintiff Sharon Pratt is the putative class representative, and the sole representative with claims against Cash 1.

II. Legal Standard

Despite initially making both a motion to dismiss and a motion for summary judgment, Cash 1 concedes that this matter is before the Court on motion for summary judgment. (#41; 2-3).

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, summary judgment is appropriate only "after adequate time for discovery." Celotex, 477 U.S. at 322. The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

---

[1] The Court notes that while docketed separately, motions #18 and #20 are identical. This holds true for replies #41 and #42 also.

2

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248. However, [i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. (internal citations omitted).

III. Analysis

Plaintiffs' claims against Cash 1 can be divided into two general categories: 1) violation of the Telephone Consumer Protection Act ("TCPA"), 2) violation of the Deceptive Trade Practices Act ("DTPA").

A. Telephone Consumer Protection Act

The Telephone Consumer Protection Act ("TCPA") in part restricts the use of automated telephone equipment. 47 U.S.C. § 227. Relevant to this matter:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call;

Id. at § 227(b)(1).

Plaintiff argues that Cash 1 used an automatic telephone dialing system ("ATDS") to contact Plaintiff, either using the automatic function or by manually dialing Pratt. Cash 1 has filed an affidavit asserting that it is Cash 1's business practice and official policy to use an ATDS only to contact borrowers and never to contact third parties. (#18, Ex. B).  Cash 1 further avers that neither it nor its agents contacted Pratt at the number provided on the loan application after the initial verification of the number at loan origination. (#18, Ex. B). Cash 1 has also filed an affidavit clarifying that while is uses an ATDS in its business, it uses an entirely different phone system to manually dial references for application verification purposes. (#41, Ex. A). Cash 1 has also provided a report reflecting no autodialed calls made to the number provided for Pratt, and verified this report by affidavit. (#18, Ex. B, Ex. C). However, while heavily implied, Cash 1 fails to provide any admissible statement that the system used to manually dial Pratt's number lacks the capacities which define an ATDS. Accordingly, the Court cannot find that no genuine dispute exists regarding this material fact.

B. The Deceptive Trade Practices Act

In relevant part, the Deceptive Trade Practices Act ("DTPA") defines a deceptive trade practice as knowingly making any false representation in a transaction. N.R.S. 598.0915(15). The DTPA prohibits a person in the course of their business from knowingly failing to disclose a material fact in connection with the sale or lease of goods or services. N.R.S. 598.0923(2). It also prohibits that same person from violating a state or federal statute or regulation relating to the sale or lease of goods or services. N.R.S. 598.0923(3).

///

///

4

Plaintiff concedes that Cash 1 has not violated N.R.S. 598.0915(15) or N.R.S. 598.0923(2). Plaintiff maintains, however, that Cash 1 violated N.R.S. 598.0923(3) to the extent it violated the TCPA which was analyzed above. Accordingly, summary judgment on this ground is similarly premature.

Further, as summary judgment has been denied, the Court need not and will not address Pratt's argument under Rule 56(d) for additional discovery.

IV. Conclusion

Defendant Cash 1 has not met its burden of demonstrating that no genuine issue of material fact exists in this case. Accordingly, Cash 1's Motion for Summary Judgment (#20) is **HEREBY DENIED** without prejudice. However, as Pratt has conceded that Cash 1 did not violate N.R.S. 598.0915(15) or N.R.S. 598.0923(2), Cash 1's Motion to Dismiss (#18) is **HEREBY GRANTED** in part only as to Cash 1 and **DENIED** in part, consistent with the above analysis.

Additionally, the Court admonishes the parties against serial joinder in motion practice. All joining Defendants lacked critical evidence which Cash 1 had provided, making analysis of their claims substantively different from Cash 1's. Such one-size-fits-all representation is inappropriate and fails to provide the relevant points required under Local Rule 7-2.

DATED this 7th day of January 2014.

_____
Kent J. Dawson
United States District Judge