UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PASQUAIL BATES, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DOLLAR LOAN CENTER, LLC, *et al.*,<br><br>    Defendants. | Case No. 2:13-CV-1731-KJD-CWH<br><br>ORDER |

Before the Court is a Motion for Summary Judgment (#103) filed by Defendants Dollar Loan Center, LLC ("DLC"); DLC Empire, LLC ("DLC Empire"); and Clark County Collection Service, LLC ("CCCS"), collectively "Defendants." The sole remaining Plaintiff against these Defendants, Ronald Grider ("Grider") opposed the motion (#108), and Defendants replied (#114). There are three primary questions before the Court. First, did CCCS either negligently or knowingly violate the Telephone Consumer Protection Act ("TCPA") by using an automatic telephone dialing system (ATDS) to contact Mr. Grider? Second, did Defendants violate the Nevada Deceptive Trade Practices Act ("NDTPA")? Third, are DLC and DLC Empire vicariously liable for any of the above violations?

**I. Summary Judgment Standard**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings,

1  depositions, affidavits, and other materials in the record show that there is no genuine issue of
2  material fact and that the moving party is entitled to judgment as a matter of law. See FED. R.
3  CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4       A fact is material if it might affect the outcome of the suit under the governing law.
5  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving
6  testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha
7  Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also
8  insufficient to raise a genuine issue of fact. Anheuser Busch, Inc. v. Natural Beverage Distribs.,
9  69 F.3d 337, 345 (9th Cir. 1995).

10      The moving party bears the initial burden of showing the absence of a genuine issue of
11 material fact. See Celotex, 477 U.S. at 323. Once that burden is met, it then shifts to the
12 nonmoving party to set forth specific facts demonstrating that a genuine issue exists. See
13 Matsushita, 475 U.S. at 587; FED. R. CIV. P. 56(e). If the nonmoving party fails to make a
14 sufficient showing of an essential element for which it bears the burden of proof, the moving
15 party is entitled to summary judgment. See Celotex, 477 U.S. at 322-23.

16 **II. The Telephone Consumer Protection Act, 47 U.S.C. § 227**

17     **A. Legal Standards**

18      Under the TCPA, it is "unlawful for any person within the United States . . . to make any
19 call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a
20 . . . cellular telephone service." 47 U.S.C. § 227(b)(1). An automatic telephone dialing system
21 (ATDS) is defined as "equipment which has the capacity (A) to store or produce telephone
22 numbers to be called, using a random or sequential number generator; and (B) to dial such
23 numbers." Id. at § 227(a)(1).

24      In analyzing this statute, the Ninth Circuit has found the text "clear and unambiguous."[1]

---

[1] Accordingly, Defendants' arguments regarding legislative history are irrelevant. "The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is

Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009). "[T]he statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" Id. at 951 (quoting 47 U.S.C. § 227(a)(1)(A)). Accordingly, where a district court had focused on whether the equipment in question actually accomplished the prohibited functions, it was in error. Id. at 950-51.

### B. Analysis

To begin, the Court notes that because the question revolves around capacity and not actual performance, Defendants' argument that the telephone call at issue here was manually dialed is irrelevant.[2] Defendants argue that the statute penalizes *using* an ATDS, but that the statute does not apply because CCCS used the equipment to manually dial Grider. This argument ignores or at least dramatically misconstrues Satterfield. Either way, Defendants are encroaching on the bounds set under Federal Rule of Civil Procedure 11(b)(2). The Court expects any future arguments to be firmly grounded in the law and non-frivolous.

As to whether the equipment at issue here is an ATDS, Defendants' reply is illuminating. "[I]f CCS ever did place call reference numbers in the daily "pool" of calls it makes, CCCS would likely be placing calls to credit references "using" an ATDS in violation of the TCPA." (#114 at 6:23-25). As noted above, it is wholly irrelevant under Satterfield if, as Defendants emphasized, "**CCCS does not do that.**" (#114 at 6:25-26). The inquiry here is whether the equipment has the *capacity* to act as an ATDS, and Defendants admit that in its present configuration, it "likely" does. All Defendants must do to *actually* autodial is dump the relevant telephone numbers into the "pool." To be clear, the Declaration of Kevin Kozar (marked as Exhibit G despite sharing that appellation with another exhibit, "Opposition to Motion for

---

unambiguous." Satterfield, 569 F.3d at 951 (quoting BedRoc Ltd., LLC v. United States, 541 U.S. 176, 183 (2004)).

[2] Further, CCCS's reliance on Boyd v. Gen. Revenue Corp., 3:11-CV-1243, 2013 WL 866944 (M.D. Tenn. Mar. 7, 2013) is wholly misplaced as the Satterfield decision is controlling authority in this Court, but not in the Middle District of Tennessee. Nor is it relevant that Boyd is now slated for publication. See (#116).

3

Sanctions") states at paragraph 15 "Credit reference telephone numbers are never placed in the daily 'pool' of calls delivered to the company's autodialer, which functions separately from these live calls." However, the question is capacity, not actual function. The above description suggests that the equipment used to call Grider has the current *capacity* to autodial, likely making it an ATDS. Defendant has accordingly failed to meet its initial burden of showing the absence of a genuine issue of material fact regarding whether Defendants violated the TCPA by using an ATDS to contact Grider.

**III. The Nevada Deceptive Trade Practices Act, NRS 41.600**

   **A. Background**

Nevada Revised Statutes 41.600(1)-(2) permits an action to "be brought by any person who is a victim of consumer fraud" as defined in various statutes. If the claimant prevails, the court awards (a) any damages sustained by the claimant, (b) any appropriate equitable relief, and (c) the claimant's costs in the action and reasonable attorney's fees.

Plaintiff alleges violation of NRS 41.600(2)(e). Specifically, Plaintiff alleges that Defendants 1) knowingly made a false representation in a transaction under NRS 598.0915(15); 2) failed to disclose a material fact in connection with the sale or lease of goods or services under NRS 598.0923(2); and 3) violated a federal statute (the TCPA) relating to the sale or lease of goods or services under NRS 598.0923(3). As to this third allegation, Defendants merely argue that "[b]ecause the TCPA claim fails as a matter of law, the NDTPA claim fails . . . as well." As noted above, the TCPA claim does not fail as a matter of law at this stage, and so Defendants are denied summary judgment on this ground. The Court turns now to the remaining two allegations.

Defendants claim that Plaintiff's first and second allegations fail because 1) any misrepresentation was made to the borrower and not to Plaintiff who was merely the credit reference, and 2) Plaintiff is not a "victim" of consumer fraud as required by statute.[3] As is

---

[3] The Court will not address the new arguments and evidence raised by Defendants in their reply brief, as doing so would deprive Plaintiff of the opportunity to reply. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); Tovar v. U.S. Postal Serv., 3

4

readily apparent, these claims boil down to the same question: does Plaintiff have standing to bring a claim under NRS 41.600?

### B. Legal Standard

An action may be brought "by any person who is a victim of consumer fraud." NRS § 41.600(1). Thus, the role of an individual in a transaction is irrelevant so long they are a "victim of consumer fraud." See Del Webb Communities, Inc. v. Partington, 652 F.3d 1145, 1152 (9th Cir. 2011) (holding that a victim of consumer fraud need not be a consumer). Rather, to be a victim under this statute, the plaintiff need only have been "directly harmed" by the defendant. Id. at 1153.

### C. Analysis

Plaintiff alleges that he was harmed by CCCS's call resulting in invasion of his privacy, and the accrual of additional cellular phone charges or losing allotted cellular phone minutes. (#108 at 15). Defendants simply assert that "one call . . . which was not answered by Grider . . . [and] no voicemail was left" fails to amount to harm. While any damage is small, the Court finds that Defendant has failed to bear its burden of showing that there is no genuine dispute of material fact regarding whether Plaintiff was directly harmed by Defendants.

## IV. Second, Vicarious, or Enterprise Liability

Despite originally claiming that the Complaint fails to plead secondary, vicarious, or enterprise liability, Defendants now appear to concede that the Complaint does in fact state such a claim. In fact, Defendants explicitly list this claim in their summary of "Remaining Claims." (#103 at 5). Regardless, the Court finds the pleadings on this claim to be sufficient under Federal Rule of Civil Procedure 8(a)(2) and the standards articulated in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). Accordingly, the Court turns to merits of this question.

---

F.3d 1271, 1273 n.3 (9th Cir. 1993) (striking new evidence in a reply brief as improperly foreclosing the opportunity to respond).

### A. The TCPA

The portion of the TCPA relevant to this claim provides liability against the party who "makes" a call. 47 U.S.C. § 227(b)(1)(A). Defendants argue that because another portion of the TCPA provides liability where calls are made "on [a party's] behalf," Congress must have intended to exclude vicarious liability under § 227(b)(1)(A). The Federal Communications Commission disagrees, finding that these differences in verbiage "do not foreclose the application of baseline federal common law agency principles." In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of Cal., Ill., N.C., & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (Tcpa) Rules, 28 F.C.C. Rec. 6574, 6590 (2013). More importantly, "when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." Meyer v. Holley, 537 U.S. 280, 285 (2003). Defendants have failed to present evidence sufficient to overcome this presumption that traditional vicarious liability applies. Accordingly, summary judgment is inappropriate on this ground.

### B. Agency Law

Although Defendants' motion made no arguments based on agency law, Plaintiff addressed it at length. Defendants understandably mirrored that approach. However, the Court will not address this issue. First, at bottom, Defendants are now improperly seeking summary judgment on a ground they failed to raise in their motion for summary judgment. See Zamani, 491 F.3d at 997. Second, this improper handling of the issue has led to incomplete briefing. Third, and most importantly, the Court finds summary judgment on this issue to be premature. Federal Rule of Civil Procedure 56(d) permits the Court take any appropriate action—including denial—where a non-movant shows by affidavit that for specified reasons it cannot present facts essential to justify its position. In other words, the non-movant must "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude

6

summary judgment." Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) (expounding the standard under former Rule 56(f)). Although Plaintiff could have been more thorough, the Court finds that Plaintiff has met this standard. Accordingly, the motion for summary judgment regarding the application of agency law is denied without prejudice as premature.

**V. Conclusion**

For the above reasons, and in accordance with the above analysis, Defendant's Motion for Summary Judgment (#103) is **HEREBY DENIED**.

DATED this 15th day of July 2014.

_____
Kent J. Dawson
United States District Judge