# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PASQUAIL BATES, et al., )<br>　　　　　　Plaintiffs, )<br>vs. )<br>DOLLAR LOAN CENTER, LLC, et al., )<br>　　　　　　Defendants. ) | Case No. 2:13-cv-01731-KJD-CWH<br>**ORDER** |

　　　　This matter is before the Court on Defendants' Motion to Stay Discovery (#88), filed March 26, 2014; Plaintiffs' Response (#93), filed April 14, 2014; and Defendants' Reply (#98), filed May 13, 2013.

　　　　At the time this motion was filed there were several motions for summary judgment pending, all of which were denied shortly after the motion was fully briefed. *See* Order (#99) (striking several filings, including Defendants' motions for summary judgment identified as docket entries (#14), (#15), (#16), and (#17)). Pointing to Federal Rule of Civil Procedure 11(b), the Court admonished the parties that the record contained abundant examples of "needless filings . . . on both sides." *Id*. As a result, the Court pruned the "tangled briar" by striking 28 separate filings. *Id*. The Court also set generous deadlines for submission of a renewed motion for summary judgment and briefing related thereto.[1] Because it was predicated solely on motion that had either been stricken or denied, Defendants' initial motion to stay discovery (#57) was denied. *See* Order (#101).

---

　　　[1] Renewed motion/s for summary judgment were due on or before June 11, 2014, with responses thereto due on or before June 25, 2014, and replies (if any) due on or before July 2, 2014.

On June 11, 2014, Defendants filed a renewed joint motion for summary judgment.[2] (#103). The briefing deadlines were extended to accommodate the filing of replies. (#115). Less than one week after briefing on the renewed motions for summary judgment was complete, the Court entered an order denying the joint motion for summary judgment (#103).[3] (#119). The Court's order denying summary judgment was succinct and, for the second time, admonished Defendants for encroachment on the bounds set by Federal Rule of Civil Procedure 11(b)(2). The Court rejected Defendants request for summary judgment on claims made under the Telephone Consumer Protection Act ("TCPA"), finding that Defendants had deliberately ignored or dramatically misconstrued controlling authority in an effort to obtain the relief they desired. Further, while acknowledging that any damage caused may be minimal, the Court found that the plaintiffs do have standing to bring claims under the Nevada Deceptive Trade Practices Act, NRS 41.600. Lastly, the Court denied summary judgment on secondary, vicarious, or enterprise liability claims.

By way of the motion currently before the Court, Defendants seek a stay of the action pursuant to either the primary jurisdiction doctrine or the Court's inherent authority. Much of the briefing submitted by Defendants on the issue is tied to the rejected arguments set forth in the various motions for summary judgment. The motion also identifies several petitions pending before the Federal Communications Commission ("FCC"), which Defendants claim support a stay. In response, Plaintiffs assert that the arguments raised by Defendants continue to ignore or misconstrue the nature of the claims in this case. Plaintiffs also argue that none of the petitions identified by Defendants that are pending before the FCC supports a stay of this action. In reply, Defendants double down on their assertion that a request to stay the entire action is "imminently reasonable" in light of the fact that Plaintiff's legal theory is novel and "devoid of any legal support . . . and further devoid of common sense." A stay is further reasonable, according to Defendants,

---

[2] Defendant Cash 1, LLC filed an independent motion for summary judgment, which was subsequently joined by the other defendants. (#102) and (#104).

[3] Thereafter, Defendant Cash 1, LLC withdrew its motion for summary judgment. (#122).

because rulings on the FCC petitions may be dispositive of Plaintiffs' claims and because Plaintiffs will not be prejudiced by a stay of the "baseless claims."

**DISCUSSION**

The doctrine of 'primary jurisdiction' is a "prudential doctrine under which the court may, under appropriate circumstances, determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." *Syntek Semiconductor Co., Ltd. v. Microchip Technology Inc.*, 307 F.3d 775, 780 (9th Cir. 2002). It is "properly invoked when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Id*. (quoting *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002). It does not require all claims within an agency's purview to be decided by the agency. *MCI WorldCom*, 277 F.3d at 1172. "Nor is it intended to 'secure expert advice' for the courts from regulatory agencies every time a court is presented with an issue conceivably within the agency's ambit." *Id*. (quoting *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1365 (9th Cir. 1987).

Whether to invoke the doctrine is committed to the sound discretion of the court and is traditionally viewed in light of such factors as (1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to comprehensive regulatory authority that (4) requires expertise or uniformity in administration. *See General Dynamics*, 828 F.2d at 1362. "Primary jurisdiction is not implicated simply because a case presents a question, over which the [agency] could have jurisdiction[.]" *MCI WorldCom*, 277 F.3d at 1172. The doctrine should be invoked sparingly since it often results in added expense or delay to the litigants. *See United States v. McDonnell Douglas Corp.*, 751 F.2d 220, 224 (8th Cir. 1984); *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 532 F.2d 412, 418-19 (5th Cir. 1976).

Defendants request that the Court invoke the doctrine of primary jurisdiction is, in large measure, a continuation of the arguments set forth in the motions for summary judgment and filings related thereto that have been emphatically rejected by the Court. Having been rejected, the arguments will not be considered as a means to implement a stay of the entire action. Thus, the

question is whether any of the currently pending petitions before the FCC, as identified by Defendants, is sufficient to invoke a stay. After review, the undersigned agrees with Plaintiffs that the FCC petitions referenced by Defendants do not support a stay. Defendants continue to highlight the issue that telephone equipment must have present capacity to autodial or predictively dial in order to qualify as an "automatic telephone dialing system" (ATDS).[4] This stems from the misleading argument that Plaintiffs seek liability based on some future or theoretical capacity. As Plaintiffs have stated, repeatedly, that is not the nature of their claim. Plaintiffs agree that to qualify as an ATDS under the TCPA Defendants' equipment must constitute an ATDS in its present form, which is what has been alleged.

      The Court further agrees that the FCC petitions referenced by Defendants in support of the stay request are not relevant to this case because there is no need for agency resolution of an issue. The undersigned agrees with Plaintiffs that the CI petition focuses on the "current ability" of equipment, but there is no dispute that equipment must constitute an ATDS in its current capacity. The undersigned also agrees that the YouMail petition seeks exemption of a particular device, which is not the same as the device used by Defendants in this matter. To the extent the ACA petition seeks a rule declaring that "capacity" means "present ability," there is no relevant dispute as Plaintiffs agree that "capacity" means present ability at the time the call is made. Ultimately, none of the referenced FCC petitions has any material bearing on this matter.

      Defendants have not met their burden to demonstrate that this matter should be stayed under the doctrine of primary jurisdiction. It is simply a continuation of the rejected arguments set forth in the motions for summary judgment. Throughout the litigation to this point, Defendants' counsel,

---

[4] Plaintiffs' TCPA claims revolve around the definition an "automatic telephone dialing system" (ATDS). Under the TCPA, it is "unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system . . . to any telephone numbers assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1). An "automatic telephone dialing system" is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The Ninth Circuit has found this statutory language "clear and unambiguous." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) ("[T]he statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random sequential number generator.'").

in an effort to shield or blur the issues, has embarked on a crusade of misconstrued legal authority and *ad hominem* attacks in lieu of measured, firmly based legal reasoning. Judge Dawson kindly described these tactics as "encroaching on the bounds set under Federal Rule of Civil Procedure 11(b)(2)." The motions for summary judgment having been denied, there can be no dispute that there are issues of material fact. The parties should move forward with discovery.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery (#88) is **denied**.

**IT IS FURTHER ORDERED** that the parties' Stipulation to Extend Discovery (#92) is **denied**. The parties are instructed to submit a new discovery plan by **Friday, September 5, 2014**.

DATED: August 26, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**