Patrick J. Reilly, Esq.
Nevada Bar No. 6103
Nicole E. Lovelock, Esq.
Nevada Bar No. 11187
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
preilly@hollandhart.com
neloveock@hollandhart.com

Holly Stein Sollod, Esq.
*Admitted Pro Hac Vice*
HOLLAND & HART LLP
555 17th Street
Denver, Colorado 80202
Tel: (303) 295-8085
Email: hsteinsollod@hollandhart.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PASQUAIL BATES, individually and on behalf of all others similarly situated; RONALD GRIDER, individually and on behalf of all others similarly situated; ERIK W. WAHL, individually and on behalf of all others similarly situated; DILLYN WARREN, individually and on behalf of all others similarly situated; JULIE WRIGHT, individually and on behalf of all others similarly situated; SHARON PRATT, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>DOLLAR LOAN CENTER, LLC d/b/a DOLLAR LOAN CENTER d/b/a LOAN SHACK, a Nevada Limited Liability Company; DLC EMPIRE, LLC d/b/a DOLLAR LOAN CENTER, a South Dakota Limited Liability company; CLARK COUNTY COLLECTION SERVICE, LLC d/b/a CLARK COUNTY COLLECTION SERVICE, a Nevada Limited Liability Company; CHECK CITY PARTNERSHIP, | Case No.: 2:13-cv-01731-KJD-CWH<br><br>**ANSWER BY CASH 1, LLC** |

|   |   |
|---|---|
| | LLC d/b/a CHECK CITY, a Nevada Limited Liability Company; TOSH, INC. d/b/a TOSH OF UTAH, INC. d/b/a CHECK CITY CHECK CASHING d/b/a/ CHECK CITY, a Utah Corporation; CCI FINANCIAL, INC. d/b/a CHECKCITY.COM, a Utah Corporation; CASH 1, LLC d/b/a CASH 1, a Nevada Limited Liability Company, |
| | Defendants. |

## ANSWER

Defendant Cash 1, LLC ("Defendant") admits, denies, and alleges as follows in response to the Complaint (Dkt. 1) on file herein:

1. Defendant denies the allegations contained in Paragraphs 1, 4, 7, 44, 51, 53, 55, 56, 132, 136, 137, 140-144, 179-189, 232-234, 236-238, and 240-243, as said allegations pertain to it. With regard to the allegations asserted against other parties, Defendant is without sufficient information to form a response, and therefore denies the same.

2. Paragraphs 2, 3, and 47-49 are legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

3. In response to Paragraphs 5, 41, 42, and 125, Defendant admits that it is a lender licensed pursuant to NRS Chapter 604A. Defendant denies the remaining allegations contained therein.

4. In response to Paragraph 6, Defendant admits that Plaintiff Sharon Pratt was named as a reference by a borrower. Defendant denies the remaining allegations contained therein.

5. Defendant is without sufficient information to form a response to the allegations contained in Paragraphs 8-13, 14-22, 23-28, 45, 46, 50-84, 91-94, 138, 139, 145, 146-156, 157-167, and 190-217, and therefore deny the same.

6. In response to Paragraphs 29-39, 85-90, 95-98, 99-124, 168-178, and 218-230, no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

7044025_3

7. Defendant admits the allegations contained in Paragraphs 40 and 134 as said allegations pertain to it.

8. In response to Paragraph 43, Defendant denies that it operates eleven locations Arizona, and admits all remaining allegations contained therein.

9. In response to Paragraphs 126-131 and 133, the referenced document speaks for itself. Defendant denies the remaining allegations contained therein.

10. In response to Paragraph 135, Defendant denies that it always contacts references. Defendant is without sufficient information to form a response to the remaining allegations contained therein, and denies the same.

11. Paragraphs 179 and 244 contain no allegations, and therefore require no response. To the extent a response is required, Defendants denies said allegations.

12. In response to Paragraphs 231, 235, and 239, Defendant repeats and realleges each of its previous answers as though set forth in full therein.

13. Defendant denies the allegations contained in any paragraph or any portion of a paragraph for which a response has not been provided.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and the putative class members' claims are barred, in whole or in part, because Plaintiff and putative class members have failed to state a claim upon which relief can be granted as against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff and the putative class members' claims are barred, in whole or in part, because prior consent was provided as defined by the TCPA and governing regulations and authorities.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and the putative class members' claims are barred, in whole or in part, because Plaintiff and putative class members have not suffered any actual damages from any alleged violations of the TCPA.

/ / /

7044025_3

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members lack standing to bring all or portions of their purported claims against Defendant, and Plaintiff lacks standing to represent the putative class members.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members' claims are barred, in whole or in part, by the doctrines of waiver, laches, ratification and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitation, including 28 U.S.C. § 1658.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members' claims are barred, in whole or in part, by the parties established business relationships.

**EIGHTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over this action.

**NINTH AFFIRMATIVE DEFENSE**

There is no injury in fact encountered by the Plaintiff and/or the putative class members, precluding the existence of a case or controversy.

**TENTH AFFIRMATIVE DEFENSE**

The imposition of statutory damages under the TCPA and NDTPA against Defendants would violate the Due Process provisions of the United States Constitution and the Nevada Constitutions.

**ELEVENTH AFFIRMATIVE DEFENSE**

The award of statutory penalties against Defendant would violate the prohibition against excessive fines contained in the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages.

///

7044025_3

### THIRTEENTH AFFIRMATIVE DEFENSE

All claims asserted by Sharon Pratt in this action are subject to alternative dispute resolution, including mediation and binding arbitration.

### FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. 11, as amended, all possible affirmative defense may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this answering Defendant's Answer, and therefore, this answering Defendant reserves the right to amend its Answer to allege additional affirmative defenses if subsequent investigation so warrants.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays for relief as follows:

1. That Plaintiff's Complaint be dismissed, with prejudice, and that she take nothing thereby;

2. That Plaintiff's claims be forever barred; and

3. That Defendant be granted its attorneys' fees and costs as permitted by law.

DATED this 9th day of September, 2014.

　　　　　　/s/ Patrick J. Reilly　　　　　　　　
Patrick J. Reilly, Esq.
Nicole E. Lovelock, Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

Holly Stein Sollod, Esq.
*Admitted Pro Hac Vice*
HOLLAND & HART LLP
555 17th Street
Denver, Colorado 80202

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2014, a true and correct copy of the foregoing **ANSWER BY CASH 1, LLC** was served on counsel through the Court's electronic service system as follows:

**Electronic Service:**

Dennis L. Kennedy
Kelly B. Stout
Paul C. Williams
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Email:  DKennedy@BaileyKennedy.com

George H. Haines
David H. Krieger
Haines & Krieger
8985 South Eastern Avenue, Suite 130
Las Vegas, Nevada 89123
Email: ghaines@hainesandkrieger.com
         dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

                                                      _____/s/ Susann Thompson_____
                                                      An employee of Holland & Hart LLP

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

7044025_3