Dennis L. Kennedy, Nev. Bar No. 1462
Joshua M. Dickey, Nev. Bar No. 6621
Paul C. Williams, Nev. Bar No. 12524
Russell J. Burke, Nev. Bar No. 12710
BAILEY❖KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone Number: (702) 562-8820
Fax Number:  (702) 562-8821
DKennedy@BaileyKennedy.com
JDickey@BaileyKennedy.com
PWilliams@BaileyKennedy.com
RBurke@BaileyKennedy.com

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Pasquail Bates, individually and on behalf of all others similarly situated; Ronald Grider, individually and on behalf of all others similarly situated; Erik W. Wahl, individually and on behalf of all others similarly situated; Dillyn Warren, individually and on behalf of all others similarly situated; Julie Wright, individually and on behalf of all others similarly situated; Sharon Pratt, individually and on behalf of all others similarly situated;<br><br>                    Plaintiffs,<br><br>          vs.<br><br>Dollar Loan Center, LLC d/b/a Dollar Loan Center d/b/a Loan Shack, a Nevada Limited Liability Company; DLC Empire, LLC d/b/a Dollar Loan Center, a South Dakota Limited Liability Company; Clark County Collection Service, LLC, d/b/a Clark County Collection Service, a Nevada Limited Liability Company; Check City Partnership, LLC d/b/a Check City, a Nevada Limited Liability Company; Tosh, Inc. d/b/a Tosh of Utah, Inc. d/b/a Check City Check Cashing d/b/a Check City, a Utah Corporation; CCI Financial, Inc. d/b/a Checkcity.com, a Utah Corporation; Cash 1, LLC d/b/a Cash 1, a Nevada Limited Liability Company.<br><br>                    Defendants. | Case No.:  2:13-cv-01731-KJD-CWH<br><br>**Stipulated Confidentiality Agreement and Proposed Order** |

WHEREAS Plaintiffs[1] and Defendants[2] have agreed that the documents and information they exchange in discovery during this litigation may be confidential and/or proprietary in nature;

WHEREAS the parties have further agreed to the entry of an order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, governing the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and its respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

WHEREAS, the parties wish to provide for the confidential treatment of all such Confidential Material (as defined below);

Subject to the Court's approval, the parties hereby stipulate and agree to the following protective order:

## I.     DEFINITIONS.

A.     **DESIGNATING PARTY**. "Designating Party" shall mean any Party to this litigation or any non-party producing Confidential Information in connection with this litigation.

B.     **RECEIVING PARTIES**. "Receiving Parties" shall mean all Parties to this litigation or any non-party receiving Confidential Information in connection with this litigation.

C.     **CONFIDENTIAL INFORMATION**. "Confidential Information" shall mean all documents and testimony, and all information contained therein or derived therefrom, that is:

    1.     Produced for or disclosed to Receiving Parties; and

    2.     Considered by the Designating Party in good faith to constitute or to contain trade secrets or other confidential, proprietary, financial, or otherwise sensitive information, whether embodied in physical objects, documents or the factual knowledge of persons; and

---

[1] "Plaintiffs" refers to Ronald Grider, Sharon Pratt, and any subsequently added named-plaintiff or class member.

[2] "Defendants" refers to Dollar Loan Center, LLC, DLC Empire, LLC, Clark County Collection Service, and Cash 1, including without limitation, their respective predecessors in interest, parents, divisions, subsidiaries, affiliates, and any present or former directors, officers, executives, employees, agents, attorneys, representatives or other persons acting or purporting to act on their behalf.

1   3.   Identified by the Designating Party in the manner described below in Section II.

2   D.   **HIGHLY CONFIDENTIAL INFORMATION**. "Highly Confidential Information" is Confidential Information that a Party reasonably believes in good faith to constitute highly sensitive and competitive information, the disclosure or production of which to persons other than those permitted under Section II.A of this Order would cause competitive harm or injury to the Designating Party that could not be avoided by any less restrictive means, including, without limitation, trade secrets or other confidential research, development, commercial information, and proprietary economic models and formulas.

   **II.   DESIGNATION OF CONFIDENTIAL INFORMATION.**

   A.   **DESIGNATION**. When the Designating Party produces, discloses or otherwise reveals Confidential Information, including, without limitation, Highly Confidential Information, any such discovery material(s) deemed to be confidential shall be clearly designated or marked as either "CONFIDENTIAL—Subject to Court Order," or "HIGHLY CONFIDENTIAL—Attorneys' Eyes Only," and treated as confidential.

   1.   Stamping or affixing the legend "CONFIDENTIAL—Subject to Court Order," or "HIGHLY CONFIDENTIAL—Attorneys' Eyes Only," on the cover of any multi-page document, material, item or thing shall signify that all pages or parts thereof are confidential, unless otherwise indicated by the Designating Party.

   2.   In the case of deposition testimony, the designation shall be made by making an oral statement to such effect on the record in the course of the deposition, or by written notification to all parties within thirty (30) days following receipt of the transcript of such deposition and the exhibits thereto (or later with leave of Court or by agreement among the parties). Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

   3.   In the case of affidavits, declarations, statements, written responses to requests for production of documents, and responses to interrogatories or requests for admission, the appropriate Confidentiality Legend shall be placed on each page of any affidavit, declaration,

1  statement, set of written responses to requests for production of documents, or set of responses to
2  interrogatories or requests for admissions that contains information deemed by the Designating
3  Party to be Confidential Information.

4      4.  If only a part or portions of the discovery material(s) warrant protection, the
5  Designating Party, to the extent practicable, shall identify the protected part(s) or portion(s) and
6  clearly designate or mark the same as either "CONFIDENTIAL—Subject to Court Order," or
7  "HIGHLY CONFIDENTIAL—Attorneys' Eyes Only."

8      5.  If the document, material, item or thing is stored or recorded electronically, and a
9  legend cannot be stamped or affixed upon it, the Designating Party may designate or mark the
10 same as either "CONFIDENTIAL—Subject to Court Order," or "HIGHLY CONFIDENTIAL—
11 Attorneys' Eyes Only," by cover letter.

12     6.  If any party reasonably believes that documents produced by third parties contain
13 Confidential Information, the party may notify, in writing, all other parties of the confidential
14 nature of these documents within a reasonable period of time after the production by such third
15 party.

16     B.  **TIME FOR MAKING DESIGNATION**.  Any such designation or marking shall take place
17 prior to production or disclosure by the Designating Party; provided, however, that in the event that any
18 document, material, item or thing that may contain Confidential Information is made available for
19 inspection by a Party, there will be no waiver of confidentiality by the inspecting of such document,
20 material, item or thing before it is copied and designated or marked as either "CONFIDENTIAL—
21 Subject to Court Order," or "HIGHLY CONFIDENTIAL—Attorneys' Eyes Only," and the inspecting
22 Party shall treat the inspected material(s) as confidential unless otherwise indicated by the Party
23 permitting inspection.

24     C.  **REPRESENTATION BY DESIGNATING PARTY**.  By designating or marking discovery
25 material(s) as containing Confidential Information and/or Highly Confidential Information, the
26 Designating Party is certifying to the Court that there is a good faith basis, both in law and in fact, for
27 the designation or marking within the meaning of F.R.C.P. 26(g).

28

D. **WITHDRAWAL OF CONFIDENTIALITY DESIGNATION**. A designation or marking of "CONFIDENTIAL—Subject to Court Order," or "HIGHLY CONFIDENTIAL—Attorneys' Eyes Only," may subsequently be withdrawn by the Designating Party upon written notice to the Receiving Parties and reproduction of the formerly designated documents without the Confidentiality Legend.

E. **DISPUTE REGARDING CONFIDENTIALITY DESIGNATION**. If at any time, a party wishes for any reason to dispute a designation of a document or discovery material as "CONFIDENTIAL—Subject to Court Order," or "HIGHLY CONFIDENTIAL—Attorneys' Eyes Only," and/or object to the inclusion of Confidential Information in any pleading, motion, brief, memorandum or other paper filed with the Court, such party (the "Disputing Party") shall notify the Designating Party of such dispute in writing.

1. The Disputing Party shall identify the exact Bates number of any document in dispute, and setting forth the precise nature of the dispute with regard to each such document or other discovery material.

2. The Designating Party shall have 14 business days to respond. If the Designating Party refuses to remove the confidential designation, the parties must participate in a discovery dispute conference at a mutually-agreeable date and time.

3. If the parties are thereafter unable to amicably resolve the dispute, the Disputing Party may apply by motion to the Court for a ruling as to whether the designated material may, in accordance with the Stipulated Order, properly be treated as confidential, provided such motion is made within 30 days from the date on which the parties, after their good faith attempt, were unable to resolve the dispute, or such other time period as the parties may agree. The Designating Party shall have the burden of establishing that the disputed discovery material(s) contain(s) Confidential Information or Highly Confidential Information, entitled to protection under this Order.

F. **DOCUMENTS AND DISCOVERY MATERIALS PREVIOUSLY DESIGNATED CONFIDENTIAL.** This Order shall apply to documents and discovery materials designated as Confidential Information or Highly Confidential Information prior to the entry of this Order.

1          **III.      USE OF CONFIDENTIAL INFORMATION**.

2          A.    **USE GENERALLY**.  All Confidential Information shall be used by the Parties, or non-parties to whom Confidential Information is produced, disclosed or otherwise made available as permitted by this Order, solely for the purposes of this litigation and for no other purpose without prior written approval from the Court or the prior written consent of the Parties.  Except as otherwise provided in this Order, Confidential Information shall not be disclosed or revealed to anyone other than as provided under Section II.A of this Order and shall be handled in the manner set forth herein until such designation or marking is removed by the Designating Party or by order of the Court, as well as any other court which may be handling appeals in this Case.

          B.    **PROCEDURE**.  The Receiving Parties, or any person or non-party receiving or being given access to Confidential Information, must proceed as follows:

          1.    Store and maintain such Confidential Information in a secure manner, within their exclusive possession and control;

          2.    Take all measures reasonably necessary and appropriate to maintain the confidentiality of such information; and

          3.    Not permit or participate in the unauthorized production, disclosure or use of such information.

          C.    **LIMITED PURPOSE**.  Confidential Information shall be utilized by the Receiving Parties and its counsel only for purposes of this litigation and for no other purposes except that the Receiving Parties, if necessary, may show Confidential Information to parties identified in Section II.A. Extracts, summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulated Order.

          D.    **FILED DOCUMENTS**.  Any Party seeking to file with the Court a pleading, motion, or other paper containing or disclosing such Confidential Information shall request leave to file the information under seal.  The documents and/or information shall be filed under seal and shall bear the legend:

**THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.**

Any such filing of Confidential Information shall be done in a manner consistent with federal custom and procedures regarding the filing of information under seal. Moreover, said Confidential Information shall be kept under seal until further order of the Court; however, such Confidential Information shall be available to the Court and counsel of record, and to all other persons entitled to receive Confidential Information under the terms of this Stipulated Order. Upon failure of the filing or lodging party to properly file Confidential Information under seal, any other party may do so after learning of the defective filing or lodging.  Notice of such action shall be given to all parties.

## IV.    ACCESS TO CONFIDENTIAL INFORMATION.

A.    **PERSONS ALLOWED ACCESS TO CONFIDENTIAL INFORMATION**.  Any information, documents, materials, items or things designated or marked as containing Confidential Information shall not be used or shown, disclosed, revealed, disseminated, copied, or in any way communicated to any person or entity for any purpose whatsoever; provided, however, that Confidential Information may be disclosed, revealed or otherwise made available to the following recipients:

1. Personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein

2. Counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, and are under the supervision or control of such counsel;

3. Expert witnesses or consultants (and their associated personnel and staff) retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein;

       4.     Accountants, auditors or a non-party to whom a party is legally obligated or to whom it has a pre-existing contractual obligation in the ordinary course of business to make disclosure of Confidential Information;

       5.     The Court, court personnel, jurors, and alternate jurors;

       6.     An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

       7.     Outside photocopying, graphic production services, or litigation support services;

       8.     Trial and deposition witnesses; and

       9.     Any other person or non-party as to whom the Parties to this Order agree in writing may be given access to any discovery material(s) containing Confidential Information.

    B.    **PERSONS ALLOWED ACCESS TO HIGHLY CONFIDENTIAL INFORMATION**.

Notwithstanding the foregoing, only recipients designated under sub-sections (2), (3), (5), (6), (7), and (8) of Section V.A may receive or be given access to Highly Confidential Information, unless otherwise ordered by the Court or permitted in writing by the Designating Party, and the remaining provisions of this Paragraph not inconsistent with this restriction shall apply with respect to disclosing, revealing or otherwise making available Highly Confidential Information to such persons or non-parties. A Party desiring to disclose or reveal any information, document, material, item or thing designated or marked as "HIGHLY CONFIDENTIAL—Attorneys' Eyes Only" to an expert, advisor or consultant shall first obtain from the expert, advisor or consultant a signed copy of the Endorsement of Stipulation and Protective Order, attached hereto as Exhibit A, and an identification of their current employment. A copy of said undertaking and the identification of the expert, advisor or consultant and their current employment shall be served upon counsel for the Designating Party. The Designating Party shall then have five (5) business days to serve a written objection to disclosure or a request for further information. Any written objection shall state with specificity the reason(s) for such objection. If counsel for the Designating Party requests further information or objects within five business days, there shall be no disclosure of Highly Confidential Information to such expert, advisor or consultant, except by agreement of the Parties or by order of the Court. If a request for further information or an objection to disclosure is made within the five day period, counsel for the Parties shall meet and confer to reach an agreement.

1  If an agreement is not reached and for good cause shown, the Party proposing the expert, advisor or consultant may file a motion seeking permission to make the disclosure of Highly Confidential Information.  On any such motion, the Designating Party shall bear the burden of showing why disclosure to the expert, advisor or consultant should be precluded.

C. **ENDORSEMENT OF STIPULATION AND PROTECTIVE ORDER**.  All persons or entities obtaining, receiving or being given access to Confidential Information in accordance with the terms and conditions of this Order consent to the continuing jurisdiction of this Court for the purpose(s) of enforcing this Order and/or remedying any violations thereof.  Prior to receiving or being given access to Confidential Information, any person or non-party falling with sub-sections (3), (4), or (9) of Section IV.A, and any former officer, director, or employee of a Party, shall be given a copy of this Order and shall execute a copy of the Endorsement of Stipulation and Protective Order, attached hereto as Exhibit A.  Counsel providing access to any person or non-party falling with sub-sections (3), (4), or (9) of Section IV.A shall retain copies of the executed Endorsement of Stipulation and Protective Order(s) and provide the same to counsel for the Designating Party upon request; provided, however, that a Party need not provide to counsel for the Designating Party executed copies of the Endorsement of Stipulation and Protective Order(s) for any expert(s), consultant(s) or advisor(s) retained in this Case, if at all requested, until the close of discovery, and any expert(s), consultant(s) or advisor(s) retained by a Party to testify in this Case shall attach a copy of the executed Endorsement of Stipulation and Protective Order to his or her final report.  Execution of Exhibit A by any such person or non-party operates as a formal acknowledgement of the terms and conditions of this Order and is binding upon the person or non-party in accordance with the terms and conditions of this Order.

D. **NOTICE OF INTENT TO DISCLOSE**.  The Party intending to disclose or reveal certain Confidential Information to any person or non-party falling with sub-sections (f) or (h) of this Paragraph, and/or any former officer, director, or employee of a Party falling within sub-section (c) of this Paragraph, shall provide the Designating Party, at least ten (10) business days prior to the intended disclosure or revelation, with the following:  (i) the identify of each such person or non-party; (ii) the specific Confidential Information intended to be disclosed or revealed; (iii) the general purpose for making the disclosure or revelation; (iv) the date which the disclosure or revelation is intended to be

1  made; and (v) a copy of an executed Endorsement of Stipulation and Protective Order. The Designating
2  Party may object in writing prior to the disclosure or revelation of such Confidential Information to any
3  person or non-party designated in sub-sections (f) or (h) of this Paragraph, and/or to any former officer,
4  director, or employee of a Party falling within sub-section (c) of this Paragraph; provided, however, that
5  the Designating Party shall be deemed to have consented to such disclosure or revelation if it fails to
6  object in writing before the date of the intended disclosure or revelation. If the objection cannot be
7  resolved informally between the Parties in accordance with the meet-and-confer process set forth in
8  Paragraph 12 of this Order, the Designating Party shall have ten (10) business days from the initial date
9  of the intended disclosure or revelation to move this Court for an order barring the individual from
10 receiving or being given access to the specific Confidential Information. No disclosure or revelation
11 will be made to the challenged individual until the objection is resolved either consensually between the
12 Parties or by order of the Court.

**V.      INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION WITHOUT A DESIGNATION.**

15       A.      In the event a Designating Party inadvertently produces documents or information that it
16 considers to be or to contain Confidential Information without having first designated the material as
17 such, the Designating Party may so designate it. Within thirty (30) days of learning of the inadvertent
18 production of such material (or later with leave of Court or by agreement among the parties), the
19 Designating Party must give written notice to all parties that it claims that the material is or contains
20 Confidential Information, in whole or in part. Upon such notice, the Designating Party shall provide all
21 parties who have received a copy of such materials with a replacement copy marked with the
22 Confidential Information designation. All parties receiving the replacement copy shall promptly destroy,
23 sequester, or return to the Designating Party the unmarked copy of the material.

**VI.     RESERVATION OF RIGHTS.**

25       A.      Notwithstanding the foregoing, this Order shall not be construed:
26            1.      To preclude a Party or its counsel of record from disclosing, designating or
27       making use of any document(s) or information which was lawfully in its possession prior to the
28       approval by the Court of this Order and/or production or disclosure by the Designating Party;

1         2.       To apply to any document(s) or information that have been or become part of the

2      public domain by publication or otherwise and not due to any unauthorized act or omission on

3      the part of the Receiving Parties; or

4         3.       To apply to any document(s) or information that, under law, have been declared

5      to be in the public domain.

6    B.      Producing or receiving documents and other information in accordance with the

7 Stipulated Order or failing to object thereto, shall not:

8         1.       Constitute a waiver by any person or party of any right to object to or seek a

9      further protective order with respect to any request for information in this or in any other action;

10         2.       Operate as an admission by any party that any particular documents or other

11      information comprise or reflect trade secrets, proprietary information or any other type of

12      confidential information;

13         3.       Prejudice or waive in any way the rights of the parties to object to the production

14      of documents they consider not subject to discovery for any reason other than the confidentiality

15      of the documents;

16         4.       Prejudice or waive in any way the rights of any party to object to the authenticity,

17      relevancy, or admissibility into evidence of any document, testimony, or other evidence subject

18      to the Stipulated Order; or

19         5.       Prejudice or waive in any way any claim or defense with respect to the

20      proceeding.

21    C.      Nothing in this Stipulated Order shall prevent any party from using or disclosing its own

22 documents or information, or from using or disclosing any information it otherwise has received from

23 any source other than a Designating Party.

24    D.      In the event that disclosure of any Confidential Information is sought from anyone who is

25 subject to this Stipulated Order pursuant to a lawful subpoena, demand by governmental authority or

26 other legal process, such person or entity shall, upon receipt of such request, notify the Designating

27 Party within seven (7) days of the request for disclosure. The Designating Party may then seek to

28 prevent disclosure by filing a motion for protective order or take other appropriate action and, if so, the

1  Confidential Information shall not be disclosed until the Designating Party has a reasonable opportunity
2  to file such motion or take such action.
3       E.    This Stipulated Order may be modified or amended by agreement of all parties, subject to
4  approval by the Court, or by order of the Court for good cause shown.
5       F.    This Stipulated Order shall not act as a shield for any person or entity to refuse to
6  disclose any information that it is, by law, rule, and/or court order, obligated to disclose.
7       G.    This Stipulated Order shall not be interpreted in a manner that would violate any
8  applicable cannons of ethics or codes of professional responsibility.  Nothing in this Stipulated Order
9  shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for
10 this case, to represent any individual, corporation, or other entity adverse to any party of its affiliate(s) in
11 connection with any other matters.
12      H.    In the event that any person or entity subject to this Stipulated Order violates or gives
13 reason to believe that he or she will violate this Stipulated Order, the aggrieved party shall be entitled to
14 petition the Court for an appropriate remedy.

### VII.   DURATION OF ORDER.

16      A.    Absent prior written consent of all Parties, the terms and conditions of this Order shall
17 survive and remain in effect after the termination of this Case, including any appeals, except that:
18           1.    There shall be no restriction on documents that are used as exhibits in Court
19      (unless such exhibits were filed under seal); and
20           2.    A party may seek the written permission of the Designating Party or further order
21      of the Court with respect to dissolution or modification of this Stipulated Order.
22      B.    This Order shall be binding upon the Parties, their counsel, successors, executors,
23 personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,
24 employees, agents, independent contractors, or other persons or entities over which the Parties have
25 control or which purport to act on the Parties' behalves.
26      C.    The Court shall retain continuing jurisdiction to enforce this Order, make any such
27 amendment(s), modification(s) and/or alteration(s) to this Order as may be appropriate, and/or resolve
28

any dispute(s) arising out of or concerning the use, production and/or disclosure of Confidential Information as provided under this Order.

DATED this 13th day of November, 2014

By: /s/ Paul C. Williams
    DENNIS L. KENNEDY
    JOSHUA M. DICKEY
    PAUL C. WILLIAMS
    RUSSELL J. BURKE
    BAILEY❖KENNEDY

    GEORGE H. HAINES
    DAVID H. KRIEGER
    HAINES & KRIEGER
    8985 South Eastern Avenue, Suite 130
    Las Vegas, Nevada 89123
*Attorneys for Plaintiffs*

DATED this 13th day of November, 2014

By: /s/ Patrick J. Reilly
    PATRICK J. REILLY
    NICOLE E. LOVELOCK
    HOLLAND & HART LLP
    9555 Hillwood Drive
    Second Floor
    Las Vegas, Nevada 89134

    HOLLY STEIN SOLLOD
    *Admitted Pro Hac Vice*
    HOLLAND & HART LLP
    555 17th Street
    Denver, Colorado 80202
*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: November 17, 2014

Respectfully Submitted by:

BAILEY❖KENNEDY

By: /s/ Paul C. Williams
    DENNIS L. KENNEDY
    JOSHUA M. DICKEY
    PAUL C. WILLIAMS
    RUSSELL J. BURKE

    HAINES & KRIEGER
    GEORGE H. HAINES
    DAVID H. KRIEGER
*Attorneys for Plaintiffs*