Dennis L. Kennedy, Nev. Bar No. 1462
Joshua M. Dickey, Nev. Bar No. 6621
Paul C. Williams, Nev. Bar No. 12524
BAILEY✦KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone Number: (702) 562-8820
Fax Number: (702) 562-8821
DKennedy@BaileyKennedy.com
JDickey@BaileyKennedy.com
PWilliams@BaileyKennedy.com

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiffs*



FILED ___ ENTERED ___ RECEIVED ___ SERVED ON COUNSEL/PARTIES OF RECORD
MAR -7 2017
CLERK US DISTRICT COURT DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

RONALD GRIDER, individually and on behalf of all others similarly situated;

   Plaintiff,

vs.

CLARK COUNTY COLLECTION SERVICE, LLC, a Nevada limited-liability company; DOLLAR LOAN CENTER, LLC, a Nevada limited-liability company; and DLC EMPIRE, LLC, a South Dakota limited-liability company,

   Defendants.

Case No.: 2:13-cv-01731-KJD-CWH

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

  On December 3, 2015, Plaintiff Ronald Grider ("Plaintiff") and Defendant Clark County Collection Service, LLC ("CCCS"), (hereinafter, collectively referred to as the "Parties") entered in to a Settlement Agreement and Release (hereinafter referred to as the "Settlement Agreement"), along with Dollar Loan Center, LLC and DLC Empire, LLC (collectively, the "Released Parties"), which is subject to review under Federal Rule of Civil Procedure 23. The Parties filed a Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Action").

  On December 4, 2015, the Plaintiff filed the Settlement Agreement, along with the Preliminary Approval Motion. (*See* ECF No. 222-1.)

On May 31, 2016, upon consideration of the Settlement Agreement, Preliminary Approval Motion, and the record, the Court entered an Order Granting Joint Motion for Preliminary Approval of Class Action Settlement Agreement; and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Order"). (*See* ECF No. 223)

On February 14, 2017, the Plaintiff filed his Motion for Final Approval of Settlement (hereinafter referred to as the "Final Approval Motion"). (ECF No. 232.) Pursuant to the Final Approval Motion, Plaintiff requests final certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) and final approval of the proposed class action Settlement.

On February 21, 2017, a Final Approval Hearing was held pursuant to Federal Rule of Civil Procedure 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

On March 7, 2017, a status conference was held on the Final Approval Motion.

The Court has read and considered the Settlement Agreement, Final Approval Motion and the record. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

I.  <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

II. <u>SETTLEMENT CLASS MEMBERS</u>: Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class members:

1. The Class or Settlement Class Members consists of: All natural persons, within the United States, who were called by CCCS, on their cellular telephone—excluding calls that were initiated by manually dialing via a desktop telephone—between September 20, 2009 and September 20, 2013 (the "Class Period"), as a result of having their telephone number listed by a customer of DLC Nevada as a "Reference" on a credit application; Settlement Class Members do not include recipients of a single telephone call received as a result of a reassigned telephone

number, as defined by the Federal Communications Commission in its TCPA Omnibus Declaratory Ruling and Order No. 15-72 (July 18, 2015).

2. Excluded from the class are Defendants and Released Parties, any parent companies, affiliates, subsidiaries or any employees thereof, and any entities in which any of such companies has a controlling interest; the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' immediate families; as well as all persons who validly request exclusion from the Class.

III. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Ronald Grider is the "Class Representative", and Bailey Kennedy and Haines & Krieger are certified as "Class Counsel".

IV. <u>NOTICE AND CLAIMS PROCESS</u>: Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was designed to advise the Settlement Class Members of their rights. Further, the Court finds that Settlement Fund is approved, and the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

V. <u>FINAL CLASS CERTIFICATION</u>: The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, for settlement purposes. The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

   VI.   **SETTLEMENT TERMS**: The Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

   1.   The Claims Administrator, shall pay each of the claimants that made a timely and valid claim the sum of $1,500; provided, however:

      a.   With respect to Claim No. CCC2124 (Aurora B. Santisteban): (i) the Claims Administrator is to make no payment to the Claimant; (ii) CCCS is to reduce the amount it pays into the Settlement Pool by $1,500; (iii) CCCS is to file a partial satisfaction of judgment with the Las Vegas Justice Court in its action against this Claimant; <u>and</u> (iv) CCCS will provide a file-stamped copy of the partial satisfaction of judgment to Class Counsel and the Claims Administrator.

      b.   With respect to other Claims where CCCS has alleged that a Claimant owes a debt to CCCS: (i) the Claims Administrator shall withhold $1,500 for each Claimant alleged to owe a debt to CCCS; (ii) CCCS shall make reasonable efforts to negotiate with each Claimant—with an initial contact via U.S. Mail in a form approved by Class Counsel—in order to avoid the necessity of seeking a judgment against the Claimant; (iii) if a Claimant fails to contact CCCS within two weeks of the initial contact or if a Claimant and CCCS are unable to negotiate a mutually satisfactory resolution, then CCCS shall have until March 1, 2018, to obtain a judgment against such Claimant and provide Class Counsel and the Claims Administrator with file-stamped copies of any judgments obtained; (iv) if CCCS is unable to provide a file-stamped copies of a judgment to Class Counsel and the Claims Administrator by March 1, 2018, then the Claims Administrator will issue a check to the Claimant;  (v) if CCCS provides a file-stamped copy of a judgment to Class Counsel and the Claims Administrator by March 1, 2018, then CCCS shall reduce its final payment into the Settlement Pool according to the amount of debt offset (or, if necessary, the Claims Administrator shall refund to CCCS in

the amount of debt offset) and CCCS is to file a partial satisfaction of judgment with the appropriate tribunal in its actions against the Claimant, which CCCS will provide a file-stamped copy of same to Class Counsel and the Claims Administrator.

2. The Claims Administrator shall pay from the Settlement Fund the total sum of $10,000.00 to the Plaintiff Ronald Grider, payable through Class Counsel, as an incentive payment for bringing and participating in this Action;

3. The Claims Administrator shall be paid from the Settlement Fund the sum of $124,646.76 for its costs and fees incurred for the cost of notice and claims administration; and

4. The Claims Administrator shall pay from the Settlement Fund to Class Counsel the sum of $2,640,000.00 as attorneys' fees and costs incurred in litigating this Action, in the manner specified in the Settlement Agreement.

VII. EXCLUSIONS AND OBJECTIONS:

1. No exclusions were received by the Claims Administrator.

2. The Settlement Class Members were given an opportunity to object to the Settlement. No Settlement Class Members filed objections.

VIII. This Order is binding on all Settlement Class Members.

IX. RELEASE OF CLAIMS AND DISMISSAL OF ACTION: The Class Representative, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the Release contained in the Settlement Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

X. The Action is hereby dismissed with prejudice in all respects.

XI. This Order is not, and shall not be construed as, an admission by Defendant or Released Parties of any liability or wrongdoing in this or in any other proceeding.

XII. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters

relating to the Action and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated this 7th day of March, 2017

_____
THE HON. KENT J. DAWSON
UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted by:

BAILEY❖KENNEDY

By: /s/ Dennis L. Kennedy
DENNIS L. KENNEDY
JOSHUA M. DICKEY
PAUL C. WILLIAMS

HAINES & KRIEGER
GEORGE H. HAINES
DAVID H. KRIEGER
*Attorneys for Plaintiffs*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820